**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

CHRISTOPHER TRAYLOR,

Petitioner,

CASE NO. 08-CV-10869

*v*.

DISTRICT JUDGE VICTORIA A. ROBERTS
MAGISTRATE JUDGE CHARLES E. BINDER

GREGG McQUIGGIN,

Respondent.
______________________/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR EVIDENTIARY HEARING REGARDING PETITION FOR WRIT OF HABEAS CORPUS**
(Dkt. 6)

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the Motion for Evidentiary Hearing be **DENIED**.

## II. REPORT

### A. Introduction

Christopher Traylor ("Petitioner"), who is presently confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his plea-based conviction and sentence of eighteen (18) months to four years on one count of failure to register as a sex offender, MICH. COMP. LAWS § 28.725[28.729]. On May 7, 2008, Petitioner's motion for evidentiary

hearing was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b). (Dkt. 7.) Accordingly, the case is ready for Report and Recommendation.

**B. Facts & Procedural History**

Petitioner relies heavily on the fact that the Michigan Sex Offenders Registration Act ("SORA") was declared unconstitutional, at least for a period of time, and that his lawyer was derelict in not arguing the same before the trial court judge at the time the plea was taken or at sentencing. (Dkt. 6.) The timetable below provides an overview of the status of Petitioner's case and the status of the law regarding the constitutionality and thus, applicability, of SORA's requirements to Petitioner.

| | |
|---|---|
| May 20, 2002 | Petitioner was released from the custody of the Michigan Department of Corrections ("MDOC") after having been informed of his duty to register under SORA within ten (10) days of release, i.e., by May 31, 2002. (Dkt. 1-3 at 38.)[1] |
| June 3, 2002 | SORA was declared unconstitutional as violating procedural due process, *see Fullmer v. Michigan Dep't of State Police*, 207 F. Supp. 2d 650 (E.D. Mich. 2002), and the State was enjoined from further enforcement of the Act until it provided sex offenders adequate procedural safeguards for their constitutionally protected interests. |
| June 5, 2002 | An MDOC Policy Directive was issued in response to the *Fullmer* decision suspending "implementation of P.D. 01.06.115 . . . until further notice" and providing that "staff are to immediately stop registering offenders, reporting changes of address . . . and notifying registered offenders of their obligations under the Act. Staff shall also no longer initiate probation or parole violations [sic] proceedings for failure to comply with requirements of the Act. . . Any pending parole violation warrants or charges issued <u>solely</u> based on the failure to comply with the requirements of the Act shall be rescinded immediately." (Dkt. 1-4 at 4 (emphasis in original).) |

[1]Petitioner was convicted in 1988 of Criminal Sexual Conduct Assault with Intent to Commit Sexual Penetration under MICH. COMP. LAWS § 750.520(g)(1).

| | |
|---|---|
| June 25, 2002 | *Fullmer v. Michigan Dep't of State Police*, 207 F. Supp. 2d 663 (E.D. Mich. 2002), was issued, modifying injunction above to permit maintenance of and access to registry by law enforcement agents. |
| October 16, 2002 | Petitioner pleaded guilty to Home Invasion 3rd Degree. (Dkt. 1-2 at 6.) |
| November 5, 2002 | Petitioner was sentenced to two years probation. (*Id.*) |
| November 4, 2003 | Petitioner's probation was violated and extended. (*Id.*; Dkt. 1-2 at 13.) |
| January 14, 2004 | Petitioner's probation was amended and Petitioner ordered to complete sex offender registration. (*Id.;* Dkt. 1-2 at 13.) |
| February 25, 2004 | Sixth Circuit reversed the district court's *Fullmer* decision, holding that SORA's public notification provisions did not violate procedural due process, and vacating the injunction. *Fullmer v. Michigan Dep't of State Police,* 360 F.3d 579 (6th Cir. 2004). |
| April 19, 2004 | Petitioner was charged with failure to register as a sex offender under MICH. COMP. LAWS § 28.725[28.729] with the date of offense listed as May 31, 2002. (Dkt. 1-2 at 38.) |
| May 12, 2004 | Petitioner's probation for home invasion violated and continued until November 5, 2004. (Dkt. 1-2 at 6; Dkt. 1-2 at 13.) |
| June 15, 2004 | Petitioner was sentenced to two (2) years of probation and ordered to complete the Gateway program, with the sentence to begin on June 18, 2004. The court warned Petitioner that if he failed to appear on June 18, 2004, he would be sent to prison. (Dkt. 1-2 at 6-7.) |
| June 18, 2004 | Petitioner asserts that he reported back to the court but that the "court's Deputy clerk informed petitioner that the judge did not sign the judgment order, so they could not hold petitioner or enforce the June 15, 2004, sentence." (Dkt. 1 at 8.)<br><br>According to the Wayne County Circuit Court records, Petitioner failed to appear as required. (Dkt. 1-2 at 7; Dkt. 1 at 29.) |
| July 6, 2004 | Petitioner contends that he "reported back to the court for enforcement of the June 15, 2004, sentence, instead the petitioner was informed by his trial counsel to plead guilty" to both cases and that the "court will reinstate the probation and Gateway program sentence." (Dkt. 1 at 8.) |

Petitioner pleaded guilty to failure to register as a sex offender under Mich. Comp. Laws § 28.725[28.729] and to Home Invasion 3rd. (Dkt. 1-3 at 40; Dkt. 1 at 27.)

July 20, 2004 Based on Petitioner's failure to appear on June 18, 2004, Petitioner was sentenced to 18 months to 4 years of imprisonment for failure to register as a sex offender under Mich. Comp. Laws § 28.725[28.729]. (Dkt. 1-3 at 40, Dkt. 1-2 at 7.) Petitioner was also sentenced for Home Invasion 3rd degree to 18 months to 5 years imprisonment. (Dkt. 1-3 at 41; Dkt. 1-2 at 13.)

November 18, 2004 Petitioner filed a *pro se* motion to withdraw his guilty plea based on ineffective assistance of counsel and "violation of due process as a result of being arrested, charged and convicted of failure to register as a sex offender when the crime was never committed." (Dkt. 1 at 9.)

August 19, 2005 Petitioner was visited by counsel, Harrison Munson, who "verbally assaulted the petitioner because he would not waiver [sic] his appeal of right." (Dkt. 1 at 9.)

August 23, 2005 Petitioner's counsel, Harrison Munson, wrote to Petitioner and acknowledged he was rough on Petitioner and that Petitioner does have a good appellate issue regarding the prosecutor's lack of due diligence. (Dkt. 1-4 at 1.)

<date unknown> Petitioner, through counsel, filed a delayed application for leave to appeal, alleging that Petitioner's sentences should be vacated due to the prosecution's failure to exercise due diligence in executing the warrant for arrest for probation violation. (Dkt. 1 at 23-24.)

March 28, 2006 Petitioner filed a motion for relief from judgment under MCR 6.508 based on ineffective assistance of trial and appellate counsel and violation of due process rights. (Dkt. 1 at 5.)

November 2, 2005 Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal "for lack of merit in the grounds presented." (Dkt. 1 at 33; Dkt. 1-2 at 7; Mich. Ct. of Appeals Dkt. 265442.)

June 2, 2006 Petitioner's motion for relief from judgment under MCR 6.508 was denied by Wayne County Circuit Judge Sean Cox. (Dkt. 1-2 at 8.)

October 17, 2006 Petitioner filed a *pro se* application for leave to appeal with the Michigan Court of Appeals, arguing that MCR 6.508(E) was violated because the trial judge denied his motion for reconsideration without evaluating the merits of his claims, that his sentences should be vacated because his due process rights were violated by issuance of

a warrant after the SORA had been declared unconstitutional in *Fullmer, supra,* and that trial and appellate counsel were ineffective. (Dkt. 1-2 at 30-43.)

January 12, 2007 — Petitioner's motion for reconsideration under MCR 6.504(B)(3) of the state trial court judge's denial of his motion for relief from judgment under MCR 6.508 was denied by Wayne County Circuit Judge Helen Brown. (Dkt. 1-2 at 14.)

May 4, 2007 — Petitioner's delayed application for leave to appeal was denied by the Michigan Court of Appeals "for lack of merit in the grounds presented" and the motion to amend was "DENIED because defendant-appellant has failed to identify an issue to be reviewed on appeal and to demonstrate by affidavit or offer of proof the facts to be established at a hearing. MCR 7.211(C)(1)(a)(ii)." (Dkt. 1-2 at 46; Mich. Ct. of Appeals Dkt. No. 273844.) Although Petitioner would like to credit this failure to counsel's negligence in not attaching the required documentation as suggested by Petitioner and acknowledged by counsel in his letter of August 23, 2005, this rejection was made as to his own *pro se* application, not the one drafted by counsel and previously denied in November of 2005.

June 20, 2007 — Petitioner's timely-filed motion for reconsideration was denied by the Michigan Court of Appeals. (Dkt. 1 at 6.)

July 27, 2007 — Petitioner filed an application for leave to appeal and motion to remand for evidentiary hearing with the Michigan Supreme Court. (Dkt. 1 at 6.)

December 28, 2007 — Petitioner's application for leave to appeal the May 4, 2007, order of the Court of Appeals was denied by the Michigan Supreme Court "because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." (Dkt. 1-3 at 29.)

On March 3, 2008, Petitioner filed this *pro se* Petition for Writ of Habeas Corpus, which asserts the following claims:

I. THE PETITIONER WAS DEPRIVED OF HIS UNITED STATES AND MICHIGAN CONSTITUTIONAL RIGHTS AS A RESULT OF BEING CHARGED, CONVICTED AND SENTENCED TO A CRIME THAT WAS NEVER COMMITTED.

II. THE PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL UNDER THE UNITED STATES AND MICHIGAN CONSTITUTIONAL SIXTH [AND] FOURTEENTH AMENDMENTS AS

A RESULT OF THE TRIAL COUNSEL, (1) FAILING TO CONDUCT A MEANINGFUL INVESTIGATION, (2) ADVISING THE PETITIONER TO PLEAD GUILTY TWO OR MORE TIMES TO A CRIME THAT NEVER OCCURRED AND, MISREPRESENTING THE PETITIONER AND FACTS OF THIS CASE.

III. THE PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL UNDER THE UNITED STATES AND MICHIGAN CONSTITUTIONAL SIXTH AND FOURTEENTH AMENDMENT AS A RESULT OF (1) FAILING TO FILE ANY POSTCONVICTION MOTIONS, (2) FAILING TO REQUEST A REMAND OR EVIDENTIARY HEARING, (3) FAILING TO CONDUCT A REASONABLE INVESTIGATION AND (4) KNOWINGLY FILED A FRIVOLOUS DELAY[ED] APPLICATION FOR LEAVE TO APPEAL.

(Pet., Dkt. 1 at 2.)

**C. Standard of Review**

**1. Habeas Cases**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), govern this case because Petitioner filed his habeas petition after the effective date of the AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2063, 138 L. Ed. 2d 481 (1997).

The AEDPA altered the standard of review that a federal court must use when reviewing applications for the writ of habeas corpus. *Felker v. Turpin*, 518 U.S. 651, 116 S. Ct. 2333, 2335, 135 L. Ed. 2d 827 (1996); *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997). The current standard of review provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000), the Court held that a state court decision is "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at a different result. *Id.* at 1519. Additionally, a state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or if the state court either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id.* at 1520. The reasonableness of the state court's opinion is judged by an objective rather than subjective standard. *See id.* at 1521-22. The state court decision, however, need not cite Supreme Court precedent, or even reflect awareness of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) (per curiam).

Pursuant to the AEDPA, this Court must presume that state court factual determinations are correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998); *see also* 28 U.S.C. § 2254(e)(1). In addition, the "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).

**2. Motion for Evidentiary Hearing in Habeas Cases**

Section 2254(e) provides that "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless . . . the claim relies on . . . a new rule of constitutional law, made retroactively . . . or . . . a factual predicate that could not have been previously discovered . . . and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). *See also Wilson v. Parker*, 515 F.3d 682, 702-03 (6th Cir. 2008).

Even if a petitioner makes a showing that he is "'not disqualified from receiving an evidentiary hearing under § 2254(e)(2) [that] does not entitle him to one.'" *Getsy v. Mitchell*, 495 F.3d 295, 310 (6th Cir. 2007) (quoting *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)). Instead, a "'federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.'" *Id.* (quoting *Schriro v. Landrigan*, ___ U.S. ___, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007)). *See also Hartman v. Bagley*, 492 F.3d 347, 361 (6th Cir. 2007). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold a hearing." *Schriro*, 127 S. Ct. at 1940. "This principle accords with AEDPA's acknowledged purpose of 'reduc[ing] delays in the execution of state and federal criminal sentences'. . . . If district courts were required to allow federal habeas applicants to develop even the most insubstantial factual allegations in evidentiary hearings, district courts would be forced to reopen factual disputes that were conclusively resolved in the state courts." *Id.* (citations omitted).

**D. Analysis & Conclusion**

**1. The Motion Should be Denied Because Only Legal Issues Are Raised**

The facts of this case are not disputed; Petitioner raises only legal issues, the resolution of which would not be aided by an evidentiary hearing. *Schriro, supra*. I suggest, therefore, that the motion for evidentiary hearing could be denied on this ground alone.

**2. Alternative Analysis on the Merits**

Alternatively, I suggest that, even considering the merits of Petitioner's underlying habeas claims, the motion should be denied.

**a. First Claim**

Petitioner first claims that he was deprived of his United States and Michigan Constitutional rights as a result of being charged, convicted, and sentenced for a crime that was never committed. Petitioner's basis for his contention that a crime was never committed is the decision in *Fullmer v. Michigan Dep't of State Police*, 207 F. Supp. 2d 650 (E.D. Mich. 2002) (declaring SORA unconstitutional), and the resulting MDOC Policy Directive which advised staff to cease registering and notifying sex offenders of their obligations under SORA. However, by the time that Petitioner was charged with failure to register (April 19, 2004), the district court decision in *Fullmer* was reversed and the SORA was deemed to be constitutional. *Fullmer*, 360 F.3d 579 (Feb. 25, 2004). Therefore, neither the requirement that Petitioner register as a sex offender, nor the charge for failing to do so, nor the resulting plea-based conviction are violative of any clearly established federal law. 28 U.S.C. § 2254(d).

Petitioner's case presents the opposite scenario from those where an evidentiary hearing may be appropriate. While § 2254(e)(2) permits a hearing where "constitutional law, made retroactively" would provide relief; here, the change in law did not assist Petitioner but rather eviscerated his claim.

I therefore suggest that Petitioner is precluded from obtaining habeas relief on this ground and should not be granted an evidentiary hearing regarding this issue. *Schriro*, 127 S. Ct. at 1940.

**b. Second Claim**

Petitioner's second claim is that he was denied effective assistance of trial counsel because his counsel: (1) failed to conduct a meaningful investigation; (2) advised Petitioner to plead guilty two or more times to a crime that never occurred, and (3) misrepresented the Petitioner and the facts of this case. Under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show ineffective assistance of counsel under the Sixth Amendment:

> First, the Petitioner "must show that counsel's representation fell below an objective standard of reasonableness. Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." A court considering a claim of ineffective assistance of counsel "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Second, the petitioner must show that counsel's performance prejudiced the petitioner. That is, the petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Miller v. Webb*, 385 F.3d 666, 672 (6th Cir. 2004) (citations omitted). Since I suggest that Petitioner's constitutional rights were not violated by his being charged with and convicted of failing to register as required by the SORA, I further suggest that counsel could not have been ineffective for failing to object on constitutional grounds. Even if Petitioner's charge or plea had occurred in the time period between the district and circuit court opinions in *Fullmer*, when it was arguable that SORA was unconstitutional, I would suggest that he was not ultimately prejudiced by counsel's failure to raise the issue since the issue has now been resolved against Petitioner's position.

**c. Third Claim**

Petitioner's final claim is that he was denied effective assistance of appellate counsel as a result of counsel (1) failing to file any post-conviction motions, (2) failing to request a remand or an evidentiary hearing, (3) failing to conduct a reasonable investigation, and (4) knowingly filing a frivolous delayed application for leave to appeal.

The same analysis as stated above under the claim that trial counsel was ineffective applies equally here. In addition, the "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).

Therefore, I suggest that Petitioner's motion for evidentiary hearing be denied.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.*, 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

s/ Charles E Binder

CHARLES E. BINDER
United States Magistrate Judge

Dated: June 23, 2008

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on B. Eric Restuccia, served on Christopher Traylor by first class mail, and served on District Judge Roberts in the traditional manner.

Date: June 23, 2008

By s/Patricia T. Morris
Law Clerk to Magistrate Judge Binder