# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHRISTOPHER TRAYLOR,

    Petitioner,

                              CASE NO. 2:08-CV-10869

v.                              HONORABLE VICTORIA A. ROBERTS
                              UNITED STATES DISTRICT JUDGE

GREGG McQUIGGIN,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE
## PETITION FOR WRIT OF HABEAS CORPUS

Christopher Traylor, ("Petitioner"), presently confined at the Baraga Maximum Cotton Correctional Facility in Baraga, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his plea-based conviction on one count of failure to register as a sex offender, M.C.L.A. 28.725; 28.279. For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

## I. Background

Petitioner was convicted in 1988 of assault with intent to commit sexual penetration and felony-firearm. Petitioner was released from prison on May 20, 2002. Petitioner was informed of his duty to register as a sex offender pursuant to the Michigan Sex Offenders Registration Act ("SORA") within ten days of his release, or no later than May 31, 2002.

On June 3, 2002, this Court declared SORA to be unconstitutional as violating

1

procedural due process. *See Fullmer v. Michigan Dep't of State Police*, 207 F. Supp. 2d 650 (E.D. Mich. 2002). This Court enjoined the State of Michigan from further enforcement of the Act until it provided sex offenders adequate procedural safeguards for their constitutionally protected interests. *Id.* However, on June 25, 2002, this Court modified its injunction to permit maintenance of and access to the Act's confidential law enforcement registry by law enforcement agencies and officers carrying out their official duties, so long as listed sex offenders were not described to the public as being included in the registry. *Fullmer v. Michigan Dep't of State Police*, 207 F. Supp. 2d 663 (E.D. Mich. 2002). Notably, this Court dissolved the injunction against the provisions of the SORA necessary for the maintenance and enforcement of the law enforcement sex offender registry, including the registration requirements, M.C.L.A. 28.723, 28.724, 28.725, 28.727, the notice requirements, M.C.L.A. 28.725a, 28.726, and the attendant penalties under M.C.L.A. 28.729. *Id.* at 667.

On October 16, 2002, Petitioner pleaded guilty to Third-Degree Home Invasion. On November 5, 2002, Petitioner was sentenced to two years probation.

On January 14, 2004, Petitioner's probation was amended and he was ordered to complete sex offender registration as a condition of probation.

On February 25, 2004, the Sixth Circuit reversed this Court's decision in *Fullmer,* and held that the SORA's public notification provisions did not violate procedural due process. The Sixth Circuit accordingly vacated this Court's injunction. *Fullmer v. Michigan Dep't of State Police*, 360 F.3d 579 (6th Cir. 2004).

On April 19, 2004, Petitioner was charged with failure to register as a sex offender pursuant to M.C.L.A. 28.725, with the date of offense listed as May 31, 2002.

On May 18, 2004, Petitioner pleaded guilty to failure to register as a sex offender. The same date, Petitioner was given a personal bond and instructed to register as a sex offender and report back to court by June 15, 2004, with verification that he had registered as a sex offender.

On June 15, 2004, Petitioner returned to court with verification that he had registered as a sex offender. Petitioner was sentenced to two years probation, with the first year to be served at the Gateway Program. The sentence was suspended until June 18, 2004 at the request of Petitioner's counsel.

Petitioner claims that he reported back to court on June 18, 2004, but the court's deputy clerk informed Petitioner that the judge had not signed the judgment order, so the court could not hold Petitioner or enforce the order.

Petitioner again reported back to court on July 6, 2004, for enforcement of the June 15, 2004 order. Petitioner was informed by his trial counsel to again plead guilty to both the failure to register as a sex offender and the home invasion charges and the court would reinstate probation. Petitioner pleaded guilty in both cases. On July 20, 2004, Petitioner was sentenced to one and a half to four years in prison on both of his cases.

On November 18, 2004, Petitioner filed a motion to withdraw his guilty plea. Appellate counsel was appointed to represent Petitioner while the motion to withdraw the plea was pending. Appellate counsel ultimately filed an appeal, in which he raised a

3

claim that the prosecution failed to exercise due diligence with respect to the two year old warrant in this case. The Michigan Court of Appeals denied Petitioner leave to appeal. *People v. Traylor,* No. 265442 (Mich.Ct.App. November 2, 2005). During the pendency of his appeal, Petitioner's motion to withdraw the plea was never ruled upon.

Petitioner subsequently filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* which the trial court denied. *People v. Traylor,* No. 04-5030 (Third Circuit for The County of Wayne, June 2, 2006); *reconsideration den.* January 12, 2007). The Michigan appellate courts denied Petitioner leave to appeal. *People v. Traylor,* No. 273844 (Mich.Ct.App. May 4, 2007); *lv. den.* 480 Mich. 1004; 742 N.W. 2d 375 (2007).

On March 3, 2008, Petitioner filed this *pro se* Petition for Writ of Habeas Corpus, in which he seeks habeas relief on the following claims:

> I. The Petitioner was deprived of his United States and Michigan constitutional rights as a result of being charged, convicted, and sentenced to a crime that was never committed.
>
> II. The petitioner was denied effective assistance of trial counsel under the United States and Michigan Constitutional Sixth and Fourteenth Amendments as a result of the trial counsel, (1) failing to conduct a meaningful investigation, (2) advising the petitioner to plead guilty two or more times to a crime that never occurred and, misrepresenting the petitioner and the facts of his case.
> III. The Petitioner was denied effective assistance of appellate counsel under the United States and Michigan Constitutional Sixth and Fourteenth Amendment as a result of (1) failing to file an postconviction motions, (2) failing to request a remand or evidentiary hearing, (3) failing to conduct a reasonable investigation and (4) knowingly filed a frivolous delayed application for leave to appeal.

4

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III. Discussion

The Court will consolidate Petitioner's three claims, because they are interrelated. In his first claim, Petitioner contends that because this Court declared Michigan's sex offender registry law to be invalid, he did not commit any crime by failing to register as

5

a sex offender within ten days of his release from prison.  In his second and third claims, Petitioner claims that his trial counsel was ineffective for advising him to plead guilty to this offense and that his appellate counsel was ineffective for failing to raise Petitioner's first two claims on his initial appeal before the Michigan Court of Appeals.

This Court first notes that Petitioner has moved for an evidentiary hearing on his claims.  On May 7, 2008, this Court referred the matter to Magistrate Judge Charles E. Binder for a Report and Recommendation.  On June 23, 2008, Magistrate Judge Binder issued a Report and Recommendation that Petitioner's motion for an evidentiary hearing be denied, essentially because all of Petitioner's claims were without merit.  On July 14, 2008, this Court adopted the Report and Recommendation and denied the motion for an evidentiary hearing. *Traylor v. McQuiggin,* No. 2008 WL 2744636 (E.D. Mich. July 14, 2008).

Petitioner subsequently moved for reconsideration of the Court's order, on the ground that he did not receive the Magistrate's Report and Recommendation.  On July 31, 2008, this Court granted Petitioner's Motion for Reconsideration and gave him until August 18, 2008 to file objections.  However, this Court again adopted the Magistrate's recommendation on August 20, 2008, when Petitioner failed to file his objections to the Report and Recommendation.  Petitioner filed a second motion for reconsideration, claiming that (1) the prison law library did not photocopy his motion until August 18, 2008; (2) he could not get his objections and proof of service notarized until August 20, 2008; (3) Respondents will not be prejudiced by the delay; and (4) justice is best served

if the Court considers his objections. Petitioner then filed objections on August 25, 2008. On September 18, 2008, this Court granted the motion for reconsideration and vacated its order of August 20, 2008 adopting the Report and Recommendation.

On September 4, 2008, respondent filed an answer to the Petition for Writ of Habeas Corpus. Petitioner filed a reply brief on October 24, 2008.

This Court must once again determine whether Petitioner is entitled to an evidentiary hearing on his claims.

A federal court must grant an evidentiary hearing to a habeas corpus applicant if:

(1) the merits of the factual dispute were not resolved in a state hearing;
(2) the state factual determination is not fairly supported by the record as a whole;
(3) the fact finding procedure in state court was not adequate to afford a full and fair hearing;
(4) there is a substantial allegation of newly discovered evidence;
(5) material facts were not adequately developed at a state court hearing; or
(6) for any reason it appears that state trier of fact did not afford applicant a full and fair fact hearing.

*Townsend v. Sain*, 372 U.S. 293, 313 (1963); 28 U.S.C.A. § 2243.

A habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F. 3d 442, 459-60 (6th Cir. 2001). After reviewing the pleadings and the applicable law, this Court agrees with Magistrate Judge Binder that Petitioner's claims are devoid of merit, such that he is not entitled to an evidentiary hearing on his claims. The Court will therefore deny Petitioner's motion for an evidentiary hearing.

Respondent contends that Petitioner's claims are procedurally defaulted, because

he raised them for the first time in his post-conviction motion for relief from judgment and failed to show cause for failing to raise these issues in his appeal of right, as well as prejudice, as required by M.C.R. 6.508(D)(3).

In this case, Petitioner claims that his appellate counsel was ineffective for failing to raise his claims in his initial appeal. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). If Petitioner could show that he received ineffective assistance of appellate counsel that rose to the level of a Sixth Amendment violation, it would excuse his procedural default for failing to raise his claims on his direct appeal in the state courts. *Seymour v. Walker*, 224 F. 3d 542, 550 (6th Cir. 2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of Petitioner's defaulted claims, it would be easier to consider the merits of these claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004). Additionally, Petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Hicks v. Straub*, 377 F. 3d 538, 558, n. 17 (6th Cir. 2004); *Johnson v. Warren,* 344 F. Supp. 2d 1801, 1089, n. 1 (E.D. Mich. 2004). The Court will therefore address the merits of Petitioner's claims.

Petitioner first claims that he was deprived of his constitutional rights because he was charged, convicted, and sentenced for what was essentially a non-existent crime. Petitioner bases his claim that he is actually innocent of failing to register as a sex

8

offender, because this Court had declared the SORA to be unconstitutional in *Fullmer v. Michigan Dep't of State Police*, 207 F. Supp. 2d 650 (E.D. Mich. 2002).

A prisoner who is incarcerated for conduct that is later held not to be criminal may obtain collateral relief from his or conviction on this basis. *See In re Hanserd,* 123 F.3d 922, 926 (6th Cir. 1997). The problem with Petitioner's first claim is that by the time that Petitioner was charged with failure to register on April 19, 2004, this Court's decision had been reversed by the Sixth Circuit and the SORA was deemed to be constitutional. Moreover, Petitioner ignores that fact that after issuing the first ruling in *Fullmer*, this Court dissolved the injunction against the provisions of the SORA necessary for the maintenance and enforcement of the law enforcement sex offender registry, including the registration requirements, the notice requirements, and the attendant penalties under M.C.L. § 28.729. *Fullmer*, 207 F. Supp. at 667. Petitioner is therefore unable to establish that he was convicted of a non-existent offense, so as to obtain habeas relief on his first claim.

The Court will likewise reject Petitioner's related ineffective assistance of counsel claims. To prevail on his ineffective assistance of counsel claims, Petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance

prejudiced the defense. *Strickland,* 466 U.S. at 687. The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F.3d 602, 617 (6th Cir. 2005).

In order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at 59. The Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, petitioner would likely have gone to trial instead of pleading guilty or no contest. *See Maples v. Stegall,* 340 F. 3d 433, 440 (6th Cir. 2003).

In the present case, Petitioner is unable to show that counsel was ineffective for advising him to plead guilty to failure to register as a sex offender, in light of the fact that the Sixth Circuit had reversed this Court's decision in *Fullmer* and had declared the SORA to be constitutional. The Michigan Court of Appeals' rejection of Petitioner's ineffective assistance of counsel claim was therefore not an unreasonable application of *Strickland,* so as to entitle him to habeas relief. *See Siebert v. Jackson*, 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

Finally, to the extent that Petitioner contends that appellate counsel was ineffective for failing to raise his first and second claims that he has raised in his petition on his direct appeal, his ineffective assistance of appellate counsel claim must fail, because these claims are without merit. *See Siebert,* 205 F. Supp. 2d at 735. Petitioner is not entitled to habeas relief on his claims.

## IV. Conclusion

The Court denies the Petition for Writ of Habeas Corpus. The Court also denies a Certificate of Appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002). A district court thus has the power to deny a certificate of appealability *sua sponte. Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny a Certificate of

11

Appealability because Petitioner has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable or that he should receive encouragement to proceed further. *Siebert,* 205 F. Supp. 2d at 735.

Although this Court will deny a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claim, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

### V. ORDER

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED.**

IT IS FURTHER ORDERED that the motion for an evidentiary hearing [Dkt. # 6] is **DENIED.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

s/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: November 26, 2008

> The undersigned certifies that a copy of this document was served on the attorneys of record and Christopher Traylor by electronic means or U.S. Mail on November 26, 2008.
>
> s/Linda Vertriest  
> Deputy Clerk