**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHRISTOPHER TRAYLOR,

Petitioner,

v.

CASE NO. 2:08-CV-10869
HONORABLE VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

GREGG McQUIGGIN,

Respondent.
____________________________________/

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

On November 26, 2008, the Court issued an opinion and order denying Petitioner's application for habeas relief brought pursuant to 28 U.S.C. § 2254. The Court also denied Petitioner a certificate of appealability but granted him leave to appeal *in forma pauperis. See Traylor v. McQuiggin*, No. 2008 WL 5100924 (E.D. Mich. November 26, 2008). Petitioner has filed a motion for reconsideration. For the reasons stated below, the motion for reconsideration is DENIED.

Petitioner is not entitled to reconsideration of the Court's opinion and order because the motion for reconsideration is untimely. The Court issued its opinion on November 26, 2008. Petitioner signed and dated his motion for reconsideration on December 18, 2008. E.D. Mich. L.R. 7.1(g)(1) states that: "A motion for rehearing or reconsideration must be filed within ten days after entry of the judgment or order." *Id.* The provisions of Local Rule 7.1 are analogous to Fed.R.Civ.P. 59(e), which provides that any motion to alter or amend a judgment shall be filed no later than ten days after

entry of the judgment. *United States v. Moss,* 189 F.R.D. 354, 355, n. 2 (E.D. Mich. 1999). A habeas petitioner's motion to amend or alter judgment denying a petition for writ of habeas corpus is untimely when it is filed more than ten days after the judgment is entered. *Hence v. Smith,* 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999).

Petitioner signed and dated his motion for reconsideration on December 18, 2008. Absent evidence to the contrary, a federal court will assume, pursuant to the "prison mailbox rule," that a prisoner gave his habeas petition or other pleadings to prison officials on the date he signed it. *See e.g. Hudson v. Martin,* 68 F. Supp. 2d 798, 799, n. 2 (E.D. Mich. 1999). The Court is willing to apply the prison mailbox rule in determining whether Petitioner's motion for reconsideration was timely filed within the ten day limit for filing such a motion. *See e.g. Aird v. United States,* 339 F. Supp. 2d 1305, 1308 (S.D. Ala. 2004). The Court also excludes Saturdays, Sundays, and legal holidays from the computation of the time for filing a motion for reconsideration. *See Johnson v. Unknown Dellatifa,* 357 F. 3d 539, 542 (6th Cir. 2004). However, even giving Petitioner the benefit of the prison mailbox rule and even excluding Saturdays, Sundays, and legal holidays from the computation, Petitioner's motion for reconsideration was due no later than December 12, 2008. The instant motion for reconsideration is therefore untimely.

District courts do not have discretion to enlarge the time for filing a motion to alter or amend judgment brought under Rule 59(e). *FHQ Equities, LLC v. MBL Life Assurance Corp.,* 188 F. 3d 678, 682 (6th Cir. 1999). A district court is also without power to enlarge the time for making motions for reconsideration of their orders. *Denley v.*

*Shearson/American Express, Inc.*, 733 F. 2d 39, 41 (6th Cir. 1984). Simply put, the Court lacks jurisdiction to entertain Petitioner's motion for reconsideration because the motion was filed more than ten days after the Court issued its opinion and order denying the petition for writ of habeas corpus. *See Allen v. Hemingway*, 24 Fed. Appx. 346, 347 (6th Cir. 2001).

**ORDER**

IT IS ORDERED that the Motion for Reconsideration [Court Dkt Entry # 22] **is DENIED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 29, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and Christopher Traylor by electronic means or U.S. Mail on December 29, 2008.

s/Carol A. Pinegar
Deputy Clerk